IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anne Louise Gordon, #323003, | ) | C/A No.: 1:13-2069-GRA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Graham Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Anne Louise Gordon is an inmate at the Graham Correctional Institution of the South Carolina Department of Corrections. She filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #11, #12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to Respondent's motion by November 4, 2013. [Entry #13]. Petitioner filed a timely response. [Entry #15].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.    Factual and Procedural Background

Petitioner was indicted by the Lexington County grand jury during the March 2006 term of court for the murder of Viola Pearl Neal (2006-GS-32-686, Entry #12-3 at 45–46), second degree arson (2006-GS-32-687, Entry #12-3 at 47–48) and armed robbery (2006-GS-32-688, Entry #12-3 at 39–40), and during the June 2007 term of court for the murder of L. H. Tindall (2007-GS-32-1984, Entry #12-3 at 41–42), armed robbery (2007-GS-32-1985, Entry #12-3 at 43–44), and second degree arson (2007-GS-32-1989, Entry #12-3 at 37–38).

Petitioner was represented by Cameron B. Littlejohn, Esq., and Joshua Kendrick, Esq. [Entry #12-4 at 3–20]. On July 13, 2007, Petitioner pled guilty to these charges before the Honorable William P. Keesley, Circuit Court Judge. On July 17, 2007, Petitioner appeared before the Honorable Edward B. Cottingham, Circuit Court Judge, for sentencing. [Entry #12-1 at 3 *et seq.*]. On the 2007 indictments, Judge Cottingham sentenced Petitioner to life imprisonment for murder and to concurrent sentences of 30 years for armed robbery and 10 years for arson in the second degree. [Entry #12-2 at 10]. On the 2006 indictments, Judge Cottingham sentenced Petitioner to a consecutive sentence of life imprisonment for murder and to concurrent sentences of 30 years for armed robbery and 10 years for arson in the second degree. [*Id.*].

Petitioner appealed her convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Robert M. Dudek, Esq., of the South Carolina Commission on Indigent Defense, Division of

2

Appellate Defense. Mr. Dudek wrote the Court of Appeals on December 21, 2007, forwarding Petitioner's affidavit that noted her desire to abandon her direct appeal. [Entry #12-5]. On January 14, 2008, the Court of Appeals filed an order of dismissal and remittitur. [Entry #12-6].

On April 24, 2008, Petitioner filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel and involuntary guilty plea. [Entry #12-2 at 13–26]. A PCR evidentiary hearing was held before the Honorable Alexander S. Macaulay, Circuit Court Judge, on May 18, 2010, at which Petitioner and her counsel, Joseph Epting Jr., Esq., appeared. [Entry #12-2 at 31 *et seq*.]. On July 23, 2010, Judge Macaulay filed an order of dismissal and judgment. [Entry #12-3 at 23–35].

Petitioner filed a notice of appeal from the denial of PCR and was represented by Deputy Chief Appellate Defender Wanda H. Carter, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On or about February 28, 2011, Ms. Carter filed a *Johnson* petition[1] for writ of certiorari [Entry #12-8] in the South Carolina Supreme Court raising the following issue: "Trial counsel erred in overestimating the state's evidence on the two murder charges lodged against petitioner

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

and advising her to plead guilty as charged in order to avoid the solicitor's threat to seek the death penalty because the evidence in the cases did not constitute sufficient evidence to obtain convictions on the charges." [*Id.* at 3]. Ms. Carter noted that the appeal was without merit and petitioned to be relieved as counsel. [*Id.* at 9]. Petitioner filed a pro se response to the *Johnson* petition, in which she alleged that "[i]t is Petitioner's belief that the PCR judge erred in his Order of Dismissal by ruling that I failed to show that trial counsel was ineffective for failing to file a Motion to Dismiss all 12 charges on the grounds of a Speedy Trial violation." [Entry #12-9 at 1].

The South Carolina Supreme Court transferred Petitioner's appeal to the Court of Appeals. By Order filed October 8, 2012, the Court of Appeals denied certiorari and granted counsel's petition to be relieved. [Entry #12-10]. The remittitur was issued on October 25, 2012. [Entry #12-11].

Petitioner filed this federal petition for a writ of habeas corpus on July 23, 2013. [Entry #1-3 at 1].[2]

---

[2] The petition was received by the court and docketed on July 29, 2013. However, because Petitioner is incarcerated, she benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition does not reflect if or when the petition was deposited in the SCDC mailing system, but the postmark reflects it was mailed on July 27, 2013. [Entry #1-3 at 1]. Petitioner and Respondent argue that the appropriate date of delivery of the petition is July 23, 2013. [Entry #12 at 7, #15 at 2]. Because the petition is barred by AEDPA by several weeks, the difference of a few days in posting does not make a difference to the undersigned's analysis. Nevertheless, the undersigned gives Petitioner the benefit of her representation that she placed the petition in the prison mailing system on July 23, 2013.

4

II.  Discussion

    A.  Federal Habeas Issues

Petitioner states the following ground in her habeas petition:

> I was not given a Speedy Trial Within 180 days after I requested one in writing to the Prosecution. I was denied Equal Protection guaranteed in the U.S. Constitution because South Carolina allows other defendants to receive a speedy trial within 180 days after they request one in writing pursuant to the Interstate Agreement on Detainer's Act, S.C. Code Ann. § 17-11-10.

[Entry #1 at 5].

    B.  Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

    C.  Analysis

        1.  AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed

5

under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed her petition after the effective date of the AEDPA, review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of her conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, her conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and her conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States

Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that her petition is timely or that she is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2.     Petitioner Did Not Timely File Her Federal Petition

The undersigned finds Petitioner did not timely file her petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when [her] time for seeking review with the State's highest court expired."

9

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[4]

Petitioner was found guilty July 13, 2007, and was sentenced on July 17, 2007. [Entry #12-2 at 10]. Petitioner timely appealed, but then abandoned her appeal and the Court of Appeals issued its Order of Dismissal and Remittitur on January 14, 2008. Petitioner argues in her response that she only learned of the issuance of the Order of Dismissal and Remittitur on January 23, 2008, when she received a copy of it at Leath Correctional Institution. Petitioner claims that "[t]hus, January 23, 2008 is the appropriate date when the one-year statute of limitations should begin, since Petitioner was not even aware of the 'Order of Dismissal and Remittitur' prior to that date." [Entry #15 at 2]. Petitioner argues that use of the date of her actual receipt results in a timely-filed habeas petition. *Id.*

Unfortunately for Petitioner, the law does not support her argument. The AEDPA statute does not provide for an "actual receipt" date, but instead provides that the limitation period runs from "the date on which the judgment became final by the

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Because Petitioner voluntarily withdrew her direct appeal, her state court convictions became final by the conclusion of direct review, i.e., when the Court of Appeals filed its "Order of Dismissal and Remittitur" on January 14, 2008, dismissing the appeal and remanding the case to the Lexington County Clerk of Court. [Entry #12-7].  *See Gonzalez v. Thaler*, 565 U.S. ___ , ___, 132 S. Ct. 641, 653–54 (2012) (holding that for those who do not appeal to the United States Supreme Court in the direct appeal, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this [the United States Supreme] Court, or in state court, expires.").

Petitioner's filing of her PCR application on April 24, 2008, tolled the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed her PCR application, 101 days had elapsed, leaving 264 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until the Court of Appeals dismissed the PCR appeal on October 8, 2012.  The statute of limitations resumed on October 9, 2012, and expired (the first business day) 264 days later, on July 1, 2013.  Petitioner did not file her habeas action, at best according to her own argument, until July 23, 2013—over three weeks after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

11

Petitioner is barred from federal habeas review unless she has demonstrated that she diligently has been pursuing her rights and that extraordinary circumstances prevented her timely filing, which could equitably toll the statute of limitations.

3.  Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a.  Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated she was reasonably diligent in pursuing her rights below. Petitioner's tardiness in filing this petition in no manner suggests that she diligently pursued her rights. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209

F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner). The undersigned rejects Petitioner's argument that the nine-day delay in receiving the Order of Dismissal prevented her timely filing of this habeas petition, and finds that it does not constitute an "extraordinary circumstance" under *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) and *Pace*. If Petitioner had advanced her claims within a reasonable time of their availability, she would not now be facing any time problem. *See Pace* at 419. Not only did Petitioner withdraw her direct appeal, but she sat on her rights for months before filing her PCR petition, and thereafter sat on them for more than nine more months after her PCR proceedings became final before deciding to seek relief in federal court. *See id.* "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Id.,* citing *McQuiddy v. Ware,* 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

                b.       Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because she has not set forth facts that could demonstrate an

"extraordinary circumstance" kept her from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle her to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support her argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

November 19, 2013                         Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).